UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

```
ALEX BROWN, JUANITA CHEEKS       )
BROWN,                           )
                                 )
     Appellants,                 )
                                 )
vs.                              )   CV98-S-403-W
                                 )   BK97-71457-CMS-13
TEMPLE-INLAND MORTGAGE CORP.,    )
                                 )
     Appellee.                   )
```

FILED
98 AUG 12 PH 1:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
AUG 12 1998

## MEMORANDUM OPINION

This case has been reassigned to the docket of the undersigned. Upon careful and thorough consideration of the court file and the bankruptcy record, as submitted by the clerk of the bankruptcy court, together with the submissions of *pro se* appellants, this court finds the decision of the bankruptcy court is due to be affirmed.

### I. DISCUSSION

Appellants, Alex and Juanita Cheeks Brown, granted a first mortgage to appellee, Temple-Inland Mortgage Corp., on property they owned at 11316 South Pine Drive in Gulfport, Mississippi. Appellants failed to make payments on the loan secured by that mortgage from March of 1995 through September of 1997, however, thereby placing them $35,467.76 in arrears.

Appellants filed for Chapter 13 bankruptcy protection on May 29, 1997. By doing so, they were able to obtain the benefit of Chapter 13's automatic stay of collection proceedings, and to prevent foreclosure on the subject property.

Appellee filed a motion for relief from the automatic stay on

13

June 23, 1997. The bankruptcy court's docket sheet indicates that a hearing on the motion was held on June 25, 1997, and that an order granting relief from the stay was entered on July 14, 1997. Appellants' filed a motion for reconsideration on July 18, 1997, and a final hearing was held on September 11, 1997. On that day, the bankruptcy court entered a final order granting Temple-Inland Mortgage Corp. relief from the stay.

Appellant Juanita Cheeks Brown filed a handwritten submission with the bankruptcy court on November 18, 1997, claiming that the order granting relief from the automatic stay "was contradiction to our stated request for relief under Bankruptcy Law and representation made to us by our Attorney, I wish to appeal same and request to do so pro se." (Record exhibit 3.) That submission was treated as a notice of appeal by the bankruptcy court. Hence, this case.

Rule 8013 of the Bankruptcy Rules provides that a bankruptcy court's

> [f]indings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

Moreover, a decision to lift the stay is discretionary with the bankruptcy judge, and may be reversed only upon a showing of abuse of discretion. *In re Dixie Broadcasting, Inc.*, 871 F.2d 1023 (11th Cir. 1989); *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 814 F.2d 844 (1st Cir. 1987); *In re Holtkamp*, 669 F.2d 505 (7th Cir. 1982).

2

This court has carefully reviewed the motion for relief from stay, the transcript of the September 11, 1997 hearing, and the bankruptcy court's order granting relief from the stay. This court can find no abuse of discretion by the bankruptcy court, and the order granting relief from stay is due to be affirmed.

## II. TIMELINESS AND MOOTNESS OF APPEAL

This court notes that the appeal appears both untimely and moot; thus this court could dismiss, rather than reviewing the bankruptcy court's order.

Appellants' "notice of appeal" challenging the propriety of the bankruptcy court's September 11, 1997 order was filed on November 18, 1997. Rule 8002(a) of the Bankruptcy Rules provides that:

> The notice of appeal shall be filed with the clerk of the bankruptcy court within 10 days of the date of the entry of the judgment, order, or decree appealed from.

Over sixty days elapsed before the filing of the "notice of appeal." The appeal is thus untimely[1] on its face.

The bankruptcy court entered an order confirming the appellants' Chapter 13 bankruptcy plan on September 12, 1997. (Appellants' brief exhibit B.) No request for a stay pending appeal was requested or obtained by appellants. On the date of the filing of the "notice of appeal" — November 18, 1997 — the subject real estate had been sold at foreclosure. (See appellants' brief

---

[1] This court notes that the bankruptcy court conducted a hearing on December 16, 1997 "to determine if appeal is in proper order." (Entry No. 22, Bankruptcy Docket Sheet.) Even so, those proceedings cannot excuse appellants' initial failure to file a notice of appeal within ten days of the September 11, 1997 order.

3

exhibit S (letter of November 7, 1997 informing appellants of result of foreclosure sale).)

> [W]hen the debtor fails to obtain a stay pending appeal of the bankruptcy court's or the district court's order setting aside an automatic stay and allowing a creditor to foreclose on property, the subsequent foreclosure and sale of the property renders moot any appeal.

*Miami Center Ltd. v. Bank of New York*, 820 F.2d 376, 379 (11th Cir. 1987). That general rule is subject to exceptions if the Chapter 13 bankruptcy plan has not been "substantially consummated." *Id.* This court has been presented with no evidence on the current status of appellants' bankruptcy, but strongly suspects the plan has been substantially consummated.[2] If so, this appeal also is moot.

### III. CONCLUSION

For the foregoing reasons, this court concludes the decision of the bankruptcy court is due to be affirmed. An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this the 12th day of August, 1998.

*[signature]*
United States District Judge

---

[2] 11 U.S.C. § 1101(2) defines "substantial consummation" for purposes of bankruptcy as follows:

(A) transfer of all or substantially all of the property proposed by the plan to be transferred;

(B) assumption by the debtor or by the successor to the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and

(C) commencement of distribution under the plan.

4